UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC RODNEY HILL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-00549 (UNA) |
| LYNN LEIBOVITZ *Judge*, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against D.C. Superior Court Judge Lynn Leibovitz and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case against a governmental officer upon a determination that the complaint is frivolous or fails to state a claim on which relief may be granted).

Plaintiff is incarcerated at the D.C. Jail. He alleges, among other wrongs, that on February 15, 2022, Judge Leibovitz "put" him "in jail because she did not like [him] personally[.]" Compl., ECF No. 1 at 6; *see* Am. Compl., ECF No. 5 (adding false imprisonment claim). Plaintiff seeks "one hundred thousand dollars in actual and punitive damages." Compl. at 6.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). It is established that judges enjoy absolute immunity from suits for damages based, as here, on their rulings in a judicial proceeding within their jurisdiction. *See Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Forrester v.*

*White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because . . . judges are absolutely immune from lawsuits predicated, as here, for their official acts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (a complaint against judges who have "done nothing more than their duty" is "a meritless action."). Because no "allegation of other facts" could plausibly cure this defect, the complaint is dismissed with prejudice.[1] *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam). A separate order accompanies this Memorandum Opinion.

Date: May 10, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

---

[1] Plaintiff's recourse for alleged judicial bias during the Superior Court proceedings, *see* Compl. at 6, 8-12, lies, if at all, in an appeal to the D.C. Court of Appeals.